L. S. SCHAFFER v. THE STATE.

No. 20204. Delivered February 22, 1939.
Rehearing Denied April 12, 1939.

The opinion states the case.

*E. G. Pharr,* of Cooper, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was convicted under an indictment charging forgery and knowingly passing a forged instrument with intent to defraud, and given a penalty of three years in the penitentiary, hence this appeal.

There are but two bills of exception in the record, the first bill being directed at the sufficiency of the evidence, which we will briefly review. It is shown that on August 19, 1938, the appellant was present in the office of the Farmers Gin at Clarksville, Texas, and at such time the secretary thereof, Mr. Blanton, had been writing some checks, the blank checks being kept in a book with perforated stubs, and checks with the gin company's name printed thereon at the top of said check, as well as the place for signature thereof. The appellant was a stranger and seemed to have no business in said office but was merely visiting. Mr. Blanton was called out of the office, and when he left appellant accompanied him, and there was no one else left in the office. Immediately, however, the appellant went back into said office for the ostensible purpose of securing his tobacco, which he claimed to have left therein. On the following day, August 20, 1938, the appellant appeared at a bus station in Clarksville and offered in payment of a bus fare of sixty cents the following check:

"Clarksville, Texas, 8-19    1938.   No. 27
"The Red River National Bank
"In  Clarksville,  Texas

"Pay to the order of A. D. Clark_____$9.75
"Nine and 75/100_____Dollars

"Farmers Gin
"Per Ben Holloway

"Bale No. 57581
"Seed 928 lbs.    $9.75
"Ginning . . . . .$ ___
"Balance . . . . $9.75

Printed on end of check: "Farmers Gin Clarksville, Texas."
ENDORSED: (with pen and ink): "A. D. Clark."

(Stamped) "C. B. Holloway, Clarksville, Texas."

(Stamped) "First National Bank, Clarksville, Texas."

"Aug. 22, 1938. Through City Clearance."

After a short conversation with appellant Mrs. Janie Holloway, ticket seller for the Bus Co., gave appellant a bus ticket and $9.15 in money, and he endorsed the name of A. D. Clark on the back of said check and turned same over to Mrs. Holloway.

Mr. Blanton testified that an inspection of his book of blank checks showed that a whole sheet, containing three blank checks, was found to be missing therefrom, which was not missing at the time he first saw appellant in his office. It was also shown that no one save Mr. Blanton and one Dewey Sturcks had authority to sign checks for the Farmers Gin, and both of them denied having signed this check, and denied knowing anyone by the name of Ben Holloway, and denied that Ben Holloway had authority to sign checks for the Farmers Gin. That such check was a forgery is apparent. It is also clear that appellant passed the same as true and received therefor a sixty cent bus ticket and $9.15 in money. It is also shown circumstantially that appellant saw Mr. Blanton making out checks from blanks in the gin check book, and that appellant was in a position where he could have abstracted the three blank checks that were afterwards found to have been taken, and the similar check filled out with name and amount was found in his possession at the time he passed the same and received the ticket and money. It seems reasonably free from doubt that the appellant not only passed this check, but that he made the same, and that he was bound to have known the fraud relative thereto.

Appellant's bill of exceptions No. 2 relates to the following facts: It seems that upon this check being placed in the channels of trade, and when presented for payment, some person

had written the word "forgery" in red ink over the face of the instrument, and its introduction was objected to upon the ground that the alleged instrument had been mutilated and changed since its passage to Mrs. Holloway. The court qualifies this bill by saying "that no part of the instrument except as it existed at the time of passage was offered by the State; the court instructed the jury to disregard and not consider the word 'Forgery' written in red ink on the check as that had been placed there by some one subsequent to its execution and passage and was no part of it. No indorsement was offered in evidence. The court did permit the State to prove by Mrs. Holloway that she saw defendant write A. D. Clark on the back of the check at the time he passed it on her which the court thought admissible for two reasons, as a part of the res gestae of passing and as a circumstance that defendant knew the instrument was a forgery. The court submitted only the count charging passing a forged instrument."

Under the careful trial court's instructions to the jury, relative to the word "forgery" as written on the face of such check, we are inclined to the belief that no error was shown in said bill.

The judgment will therefore be affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In his motion for rehearing appellant calls our attention to a statement in the original opinion which is not supported by the record. We said: "Mr. Blanton testified that an inspection of his book of blank checks showed that a whole sheet, containing three blank checks, was found to be missing therefrom, *which was not missing at the time he first saw appellant in his office.*" The italicised statement appears not to have been made by the witness; he only having made the statement that he discovered that three blank checks were missing from his check book.

We remain of opinion that the evidence is sufficient to support the conviction. We think the proof was sufficient to warrant the conclusion that the check was a forgery and that appellant, with knowledge of such fact, passed same to Mrs. Janie Holloway, as alleged in the indictment.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.